IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:13-cr-00335-HZ |
| Plaintiff, | ORDER |
| v. | |
| DANIEL ARTHUR CARTER, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Daniel Arthur Carter moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has not met his burden to demonstrate that extraordinary and compelling reasons exist to reduce his sentence, the Court denies Defendant's Motion to Reduce Sentence.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

(2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant raises. *Id.*

2 – ORDER

Defendant is serving two concurrent 186-month sentences for armed bank robbery and a consecutive 84-month sentence for using a firearm during a crime of violence. Judgment 1–2, ECF 44. He is serving a concurrent state sentence for two other robberies. Gov. Resp. 2, ECF 76. Defendant's projected release date from federal custody is in January 2032. Def. Mot. 2, ECF 70; Gov. Resp. 3. Defendant expects release on his state convictions in January 2029. Def. Mot. 3. Defendant seeks compassionate release based on the risk of COVID-19 infection. Defendant argues that his risk of COVID-19 infection is an extraordinary and compelling reason to reduce his sentence to time served. *Id.* at 2–3. However, Defendant contracted COVID-19 in May 2020. Def. Mot. Ex. A at 40, ECF 74-1. In March 2021, Defendant refused a Moderna COVID-19 vaccine. *Id.* at 42. Defendant asserts that he was not feeling well the day that BOP offered the vaccine and that he would accept a vaccine if BOP offered another administration.

Defendant argues that his obesity and history of smoking, as well as other medical conditions, put him at increased risk of severe illness if he contracts COVID-19, and that risk creates an extraordinary and compelling reason to reduce his sentence to time served. The Court finds that the circumstances described in Defendant's motion do not present an extraordinary and compelling reason to reduce Defendant's sentence to time served. The possibility that Defendant will become severely ill from COVID-19 while serving his sentence in the federal prison system rather than the Oregon Department of Corrections—considering that he has contracted and recovered from COVID-19—is not a compelling reason to reduce his sentence, particularly when Defendant has been offered a vaccination to protect himself from COVID-19 infection.

///

///

///

3 – ORDER

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [70] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.


DATED: September 10, 2021.


_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER